## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUNNATINE H. GREEENHOUSE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-0182 (EGS)** |
| ) | |
| **THE HONORABLE PETE GEREN** ) | |
| **Acting Secretary of the Army, et. al.** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER

COME NOW the defendants, through their undersigned attorneys, and hereby answer and otherwise respond to plaintiff's complaint. Defendants deny each and every allegation in the complaint that is not specifically admitted or otherwise qualified. Defendants reserve the right to assert any affirmative or other defense that becomes known through discovery and to seek leave to amend their Answer to allege any such defense and to assert any other defense, claims, cross-claims and counterclaims as discovery and the evidence may merit.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over plaintiff's claims.

## FOURTH DEFENSE

Plaintiff is entitled to a jury trial over only the claims in which compensatory damages are available to plaintiff.

## FIFTH DEFENSE

_____Plaintiff has legitimate nondiscriminatory reasons for its acts and omissions in the instant case.

## SIXTH DEFENSE

Plaintiff has a duty to mitigate her damages.

## SEVENTH DEFENSE

Even if discrimination or retaliation was a motivating factor regarding any alleged adverse personnel action complained of, management would have made the same decisions Plaintiff complains of based on legitimate, non-discriminatory, non-retaliatory reasons.

## EIGHTH DEFENSE

Without waiving any defense, defendants respond to the individually styled, identified, and/or numbered paragraphs of plaintiff's complaint as follows:

Unnumbered opening paragraph: contains plaintiff's description of the case to which no response is required.

## JURISDICTION AND VENUE

1. This paragraph contains allegations regarding jurisdiction to which no response is required.

2. Deny.

3. This paragraph contains allegations regarding venue to which no response is required.

4. This paragraph contains allegations regarding jurisdiction to which no response is required.

2

5.  Deny.

6.  This paragraph contains conclusions of law to which no response is required.  Should a response be required, defendants deny that plaintiff has properly brought a "mixed case" complaint and deny that this Court has jurisdiction over plaintiff's WPA claims.

7.  First sentence: contains conclusions of law to which no response is required.  Should a response be required, defendants deny that Plaintiff has exhausted her administrative remedies.  Defendants admit sentence two.  Defendants deny that the conduct accepted for investigation was discriminatory, but admit the remainder of sentence three.  Defendants note that in the last sentence of this paragraph that plaintiff incorporates a copy of EEO claims into the complaint, but did not attach a copy of them to the complaint, nor otherwise submit a copy to the Court or the parties

8.  First and second sentence: admit.  Third sentence: deny, defendants aver that plaintiff improperly attempted to amend her EEO complaint to include WPA claims, but that was rejected by the agency.

9.  First sentence: admit.  Second and third sentence: deny.

10.  First sentence: admit, except to deny that plaintiff filed a proper "mixed case" and the allegation that plaintiff suffered discrimination.  Second and third sentence: admit.

11.  Admit.

12.  First sentence: admitted.  Second sentence, denied that this constituted a "mixed case" claim, but admit the remainder of the sentence.

13.  First and third sentence:  Admitted.  Second sentence: deny that this that this constituted a "mixed

case" claim, but admit the remainder of the sentence.

14. First sentence: admit. Second sentence: deny that this that this constituted a "mixed case" claim, but admit the remainder of the sentence. Third sentence: admit.

15. Defendants admit that plaintiff was employed by the United States Army Corps of Engineers ("USACE") and that USACE headquarters is located at 441 G. Street, N.W. Washington, D.C., 20314-1000. Defendants are without sufficient information to admit or deny the rest of the allegations in this paragraph.

16. This paragraph states legal conclusions to which no response is required. Should a response be required, defendants admits that the Secretary of the Army, as the head of the Department of the Army, is the proper defendant in this action. Defendant avers, however, that Secretary Harvey has been succeeded by Pete Geren, Acting Secretary of the Army, and is automatically substituted as the properly named defendant pursuant to Federal Rule of Civil Procedure 25(d)(1).

17. This paragraph states legal conclusions to which no response is required. Should a response be required, defendants admit that Claude Bolton is an Assistant Secretary of the U.S. Army and denies that Mr. Bolton, Assistant Secretary of the Army for Acquisition, Logistics and Technology is a proper defendant in this action

18. This paragraph states legal conclusions to which no response is required. Should a response be required, defendants deny that Lieutenant General Carl A. Strock is the commanding general of the U.S. Army Corps of Engineers. Defendants aver that Lieutenant General Robert L. Van Antwerp succeeded Lieutenant General Strock as commanding general of the U.S. Army Corps

of Engineers.  Defendants deny that Lieutenant General Strock and Lieutenant General Van

Antwerp are proper defendants in this action.

19.  This paragraph states legal conclusions to which no response is required. Should a response

be required, defendants admit that Robert Gates is the Secretary of Defense, but deny that he is a

proper party in this action.

20.  This paragraph states legal conclusions to which no response is required. Should a response

be required, admit.

21.  This paragraph states legal conclusions to which no response is required. Should a response

be required, admit.

22.  Sentence 1 is admitted.  The remainder of this paragraph states legal conclusions to which no

response is required. Should a response be required, deny.

23.  Deny that the United States is a proper party to this action, admit the remainder of this

paragraph.

24.  Deny.

25.  Admit.  Defendants aver, however, that said regulations do not exclusively govern USACE

contracting activity.

26.  Admit.

27.  Admit.

28.  First sentence: deny.   Second sentence: plaintiff refers to a regulation to which the Court

 is respectfully referred for a full and accurate statement of its content.

29.  Plaintiff refers to a regulation to which the Court is respectfully referred for a full and

accurate statement of its content

30. Admit.

31. First and second sentences: admit.  Third sentence: deny.  Fourth sentence: denied as written, defendants aver that plaintiff was LTG Ballard's choice.

32. Admit.

33. Admit.

34. First sentence: Admit.   Second sentence: defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this sentence.

35. Denied.  Defendants admit, however, that Plaintiff's SES grade was equivalent to that of a Brigadier General for some, but not all, purposes.

36. First sentence: admit.  Second sentence: Deny.  Defendants aver that not all contracts must be competed.

37. Deny as written.  Defendants aver that whoever was the PARC or the Acting PARC was also the competition advocate.

38. Deny.

39. Deny.

40. Deny.

41. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this sentence, specifically plaintiff's hearsay as to what CG Ballarrd may have told her.

42. Deny, specifically deny the implication that the ACOE did not follow Federal Acquisition Regulations ("FAR") until plaintiff "required' commanders to do so.  Further aver that plaintiff was also bound by the FAR and all other applicable statutes, laws, regulations, and policies.

43.  Denied as written.  Plaintiff may believe that she held a position of "power" but she actually held a government position which was subject to law, regulation, and the orders of her superiors. Further, defendants aver that commanders were bound by the FAR provisions.

44.  Denied as written.  Plaintiff may believe that she held a position of "power" but she actually held a government position which was subject to law, regulation, and the orders of her superiors. Further, defendants aver that commanders were bound by the FAR provisions.

45.  Deny.

46.  Deny.

47.  Deny.

48.  Deny.

49.  Admit.

50.  Deny.

51.  This paragraph allegedly quotes portions of an evaluation to which the Court is respectfully referred for a full and accurate statement of its content.

52.  Admit.

53.  Admit.

54.  Deny.

55.  Deny.

56.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

57.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Admit only that plaintiff gave CG Flowers a written document on or about March 5, 2002 in which she expressed her believe about what she considered to be interference with her duties. Deny all other allegations.

68. Deny.

69. This paragraph quotes portions of a memorandum to which the Court is respectfully referred for a full and accurate statement of its content.

70. Admit

71. Deny.

72. Deny.

73. Deny.

74. Admit.

75. Admit.

76.  Deny.  Defendants aver that various proposals were made and comments concerning proposed changes were offered by many people and no decision had been made before the justification and approval document was signed.

77.  Deny.  Defendants aver that various proposals were made and comments concerning proposed changes were offered by many people and no decision had been made before the justification and approval document was signed.

78.  Deny.

79.  Deny.

80.  Deny.

81.  Sentence 1 is admitted.  The remainder of this paragraph is denied.

82.  This paragraph states legal conclusions to which no response is required.

83.  Deny as written.  Defendants aver that such contracts had to go to the
Office of the PRAC.

84.  Deny.

85.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted, specifically when plaintiff learned anything for the first time and, therefore, this paragraph is denied.

86.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

87.  First sentence: defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted, specifically what plaintiff learned and, therefore, this sentence is denied.  Remainder of the paragraph: deny.

88.  Deny.

89.  Deny.

90.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

91.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

92.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

93.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

94.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

95.  First sentence**:** defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted, specifically what plaintiff believes that she was "led to believe." Second sentence: deny.

96.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted.

97.  First sentence:  Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted, specifically whether plaintiff was shocked or not, and, therefore, this paragraph is denied.  Remainder of this paragraph is denied.

98.  Deny.

99.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted, specifically whether plaintiff was shocked or not, and, therefore, this paragraph is denied.

100.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

101.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

102.  Denied as written.  Defendants aver that various language for this contract was proposed and considered.  Plaintiff's characterization that modifications were made solely because of her are denied.

103.  Defendants lacks knowledge or information sufficient to form a belief as to what Plaintiff knew and believed, to what she avers to as raising "concerns" and to whom she allegedly raised these "concerns" and, therefore, these averments are denied.  The remainder of this paragraph is denied.

104.  Deny.

105.  Admit.

106.  Admit.

107.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein and, therefore, this paragraph is denied.

108.  Deny.

109.  Deny.

110.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein, specifically what she concluded or whether she was disturbed or not and, therefore, this paragraph is denied.

111.  Deny.  However, defendant does admit that plaintiff often raised her voice at other individuals.

112.  Deny.

113.  Deny.

114.  Admit.

115.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein, specifically whether or not she was shocked, whether or not she made inquiry into who had prepared the final version of the contract, and what some unknown person told her, and, therefore, this paragraph is denied.

116.  Defendants admit that Plaintiff signed and wrote a comment onto the J&A and avers that the document speaks for itself.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in the remainder of this paragraph and, therefore, the remainder of this paragraph is denied.

117.  Deny.

118.  Deny.

119.  Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein, and, therefore, this paragraph is denied.  Defendants aver that "elements within the DA" could potentially include thousands of people.

120.  Deny.

121. Deny.

122. Deny.

123. Deny.

124. Deny.

125. Admit.

126. Deny.

127. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein, specifically whether plaintiff knew who was responding to this correspondence, and, therefore, this paragraph is denied. Defendants deny that plaintiff's consent was necessary or required.

128. First sentence: admit. Remainder of paragraph: deny.

129. Deny.

130. Deny.

131. Deny.

132. Deny.

133. Deny.

134. Deny.

135. Deny.

136. Denied as written. Defendants admit that plaintiff did send a letter to Mr. Brown concerning her evaluation. Defendants deny that this was protected activity.

137. Admit.

138. Deny.

139. Admit.

140. Admit.

141. Admit.

142. Admit only that the rating was changed to a level 4. Deny any implication that it was improperly "altered."

143. Admit that plaintiff sent a memo, but deny any implication that she was "issuing" him something that he was required to follow.

144. Deny.

145. Deny.

146. First sentence: admit. Second sentence: Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein, specifically whether the KBR corporation was embarrassed or even agreed with the draft conclusion and, therefore, this sentence is denied.

147. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted herein, specifically whether or not this was unusual and, therefore, this paragraph is denied. Defendants deny any implication that this was unlawful or otherwise improper.

148. Deny.

149. Deny.

150. Deny.

151. Deny.

152. Deny.

153. Deny.

154. Deny.

155. Deny.

156. First and second sentences: Deny.  Third sentence: Admit.  Fourth sentence: Deny but aver that LTC Castaldo signed as Acting PARC.

157. Deny.

158. Deny.  Defendants aver that plaintiff was on leave of absence from work on sick leave.

159. Deny.

160. Deny.

161. Deny.

162. Deny.

163. Deny.

164. Deny.

165. Deny.

166. Deny.

167. Deny.

168. Deny.

169. Deny.

170. Deny, and defendants aver that the Acting PARC approved the KBR waiver request.

171. Deny, and defendants aver that the Acting PARC approved the waiver request.

172. Deny.

173. Admit only that a waiver is a discretionary act.  Deny the remainder of the sentence.

174.  Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this sentence, specifically what plaintiff read or when she learned of the waiver.

175.  Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this sentence, specifically plaintiffs speculation about what she might have done in a hypothetical situation.

176.  Deny.

177.  First Sentence: Admit.  Second sentence: admit that plaintiff gave her opinions on different occasions, but deny any implication or characterization that her opinions were accurate.

178.  Deny.

179.  Deny.

180.  Deny.

181.  First sentence: Deny.  Second sentence: Admit that plaintiff made allegations about the use of I.G. investigations.

182.  This paragraph characterizes plaintiff's February 12, 2004 letter, to which the Court is respectfully referred for a full and accurate statement of its content.

183.  Admit.

184.  Deny.

185.  Deny.

186.  Deny, but aver that DCG Griffin issued a performance review to plaintiff, the content of which speaks for itself.

187.  Deny.

188.  Defendants admit only that plaintiff did write a letter and make allegations. Defendants deny that this was protected activity or that plaintiff's claims had any merit.

189.  Denied as written.

190.  Denied as written.  Defendants admit that CG Flowers sent a memo to Assistant Secretary Brown recommending that plaintiff be removed from the Senior Executive Service based in part on her failed performance evaluation for 10/2002 to 9/2003.

191.  First sentence: admit.  Second sentence: Admit.  Third sentence: This sentence characterizes Bolton's statement of July 14, 2004, to which the Court is respectfully referred for a full and accurate statement of its content.

192.  Deny.

193.  Admit.

194.  Denied as written.  Defendants admit that at some time after LTG Strock took Command that he decided to take action to remove plaintiff from the SES and from her position as USACE PARC. Defendants deny the characterization or implication that LTG Strock decided to remove plaintiff without any consideration of the merits of such matter.

195.  Deny.

196.  First sentence: deny. Second sentence deny the word "nonetheless" and any negative implication therefrom, but admit the remainder of the sentence.

197.  Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

198.  Defendants lack knowledge sufficient to form a belief as to the truth of the

allegations of this sentence, specifically whether or not she was advised and if so who "advised" her and what she understood any advice to mean.

199. Deny.

200. Admit.

201. Deny.

202. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this sentence, specifically plaintiff does not identify any regulations.

203. This paragraph characterizes plaintiff's interpretation of AR 690-900, to which the Court is respectfully referred for a full and accurate statement of its content

204. Deny.

205. Deny.

206. Deny.

207. Deny.

208. Admit, however, defendants deny any characterization that plaintiff's allegations had merit. Defendants note that in the last sentence of this paragraph that plaintiff incorporates a copy of "this letter" into the complaint, but did not attach a copy to the complaint, nor otherwise submit a copy to the Court or the parties.

209. This paragraph characterizes a letter dated October 22, 2004, to which the Court is respectfully referred for a full and accurate statement of its content.  Defendants aver that the request for investigation was made by plaintiff.

210. Admit.

211. Defendants lack knowledge sufficient to form a belief as to the truth of the

allegations of this sentence, specifically whether or not plaintiff was in any way contacted or "sought" for an interview.

212.  First sentence: Admit. Second and third sentences: Deny.

213.  First sentence: Admit.  Second sentence: Deny

214.  Deny.

215.  Deny.

216.  Deny.

217.  Admit that plaintiff appeared before the Senate Democratic Policy Committee and that plaintiff gave she opinions about abuse she allegedly witnessed. Deny any implication that her opinions are factually accurate or that they are otherwise true.

218.  First sentence: defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this sentence, specifically as to what she was or was not told.  Second sentence: defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this sentence, specifically what plaintiff "believed."

219.  Deny as written.  Defendants admit that the Army Inspector General decided that was no reason to delay  LTG Strock's recommendation to removal plaintiff.

220.  Deny as written.  Defendants admit only that Secretary Harvey authorized plaintiff's removal as PARC and from the Senior Executive Service.  The remainder is denied.

## COUNT I

**(Failure to Obtain Required Approval to Remove Plaintiff from the SES)**

221.  Defendants incorporate by reference their earlier answers to paragraphs 1 through 220.

222.  First sentence: Admit.  Second sentence: deny.

19

223.  Admit.

224.  Admit.

225.  Admit, except to plaintiff's characterization that her review was "altered" opposed to appropriately changed.

226.  Deny as written.  Defendant admits that LTG Flowers recommended a level 5 performance rating for the period of 10/2002 to 9/2003, but denies the characterization that this was done merely to justify her removal.

227.  Deny as written.  Defendants admit that LTG Flowers made a written recommendation to remove plaintiff for unacceptable performance, but denies that it was merely because of one performance rating.

228.  Admit.

229.  Admit.

230.  Deny.

231.  Admit.

232.  First sentence admit.  Second sentence deny as written.  Defendants admit that LTG Strock issued plaintiff a level 4 performance review on or about October 6, 2006, but deny the characterization that this was not his decision or that he improperly changed something that LTG Flowers did.

233.  Admit.

234. Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, specifically to which regulations plaintiff refers.

235.  This paragraph characterizes plaintiff's interpretation of AR 690-900, to which the Court is respectfully referred for a full and accurate statement of its content.

236.  Deny.

237.  Deny.

238.  Deny.

239.  Deny.

240.  Deny.

241.  Deny.

242.  Deny.

243.  Deny

244.  Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

245.  Deny. (Defendants note that this is the exact same allegation made in paragraph 199 above.)

246.  Deny.

247.  Deny.

248.  Deny.

249.  Deny.

250.  Deny.

251.  Deny.

## COUNT II

### (Title VII Claims)

252.  Defendants incorporate by reference their earlier answers to paragraphs 1 through 251.

253.  Deny as written.  Defendants aver that plaintiff did file an EEO complaint which was assigned a docket number.  Defendants note that in the last sentence of this paragraph that plaintiff incorporates a copy of "said complaints" into the complaint, but did not attach a copy to the complaint, nor otherwise submit a copy to the court or the parties.

254.  Deny.

255.  This paragraph contains plaintiff's characterization of her damages to which no response if necessary, however, to the extent an answer is required defendants deny.

## <u>COUNT III</u>

### **(WPA Claims)**

256.  Defendants incorporate by reference their earlier answers to paragraphs 1 through 255.

257.  Deny.

258.  Deny as written.  Defendants aver that plaintiff did file an EEO complaint which was assigned a docket number.  Defendants note that in the last sentence of this paragraph that plaintiff incorporates a copy of "said complaints" into the complaint, but did not attach a copy to the complaint, nor otherwise submit a copy to the court or the parties.

259.  Deny.

260.  Deny.

261.  Deny.

262.  Deny.

263.  Deny.

264.  Deny.

265.  Deny.

266.  Deny.

267.  Deny.

268.  Deny.

269.  Deny.

270.  Deny.

271.  Deny.

272.  This paragraph contains plaintiff's characterization of her damages to which no response if necessary, however, to the extent an answer is required defendants deny.

## COUNT IV

### (Privacy Act Claims)

273.  Defendants incorporate by reference their earlier answers to paragraphs 1 through 272.

274.  First sentence admit.  Second sentence deny.

275.  Deny.

276.  First sentence: admit.  Second sentence: deny.

277.  Deny.

278.  Deny.

279.  Deny.

280.  Deny.

281.  Deny.

282.  Deny.

283.  Deny.

284.  Deny.

285.  Deny.

286.  Deny.

287.  Deny.

288.  Admit.

289.  First and second sentences: Deny. Third and fourth sentences: these sentences contain plaintiff's characterization of her damages to which no response if necessary, however, to the extent an answer is required defendants deny that they committed any illegal actions or omissions which resulted in adverse effects to plaintiff.

290.  Deny.

291. This paragraph contains plaintiff's characterization of her damages to which no response if necessary, however, to the extent an answer is required defendants deny.

## COUNT V

### (Refusal to Transfer or Reassign)

292.  Defendants incorporate by referencing its earlier answers to paragraphs 1 through 291.

293.  Denied as written, however, defendants admit that plaintiff did submit a document concerning her request for reassignment.

294.  First sentence: Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this sentence as to what Ms. Linda Barker told plaintiff or that she was notified about.  As to the remainder of the first sentence, admit.  Second sentence: Denied.

295.  Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of this paragraph.

296.  Defendants lack sufficient knowledge and information to respond to the allegation in this paragraph.

297.  Deny.  Defendants aver that another individual was placed in the position.

298.  Deny.

299.  Admit.

300.  Deny.

301.  Deny.

302.  Deny.

303.  Deny.

304.  Deny.

305.  Deny.

306.  Deny.

**<u>PRAYER FOR RELIEF</u>**

The remainder of plaintiff's complaint is her prayer for relief to which an answer is not required.  To the extent that one may be required, the Defendants deny that Plaintiff is entitled to the relief set forth in the prayer for relief or to any relief whatsoever.  Defendants aver that any award of compensatory damages under Title VII would be subject to and limited by 42 U.S.C. § 1981a.

WHEREFORE, defendants respectfully request that the Court enter judgment dismissing this action with prejudice and award Defendants such other relief as the Court may deem appropriate.

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant U.S.  Attorney
555 Fourth Street, N.W., 10th Floor
Washington, D.C.  20530
(202) 353-9895

OF COUNSEL:
Thomas Ray, Esq.
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, VA  22203-1837