## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **BUNNATINE H. GREEENHOUSE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 07-0182** |
| | ) | **(EGS)** |
| | ) | |
| **THE HONORABLE PETE GEREN** | ) | |
| **Acting Secretary of the Army, et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## RULE 16.3 REPORT

Pursuant to this Court's May 31, 2007 Order, Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), the parties submit this Rule 16.3 Report. The parties conferred telephonically on several occasions and have subsequently cooperated in good faith in jointly preparing this report.

**1.     Likelihood This Case Will Be Disposed Of By Dispositive Motion**

Defendants believe that this Case will be resolved by dispositive motion following the close of discovery. Plaintiff does not currently intend to file any dispositive motions, but will reevaluate that option following the close of discovery.

**2.     Date For Joining Other Parties**

The parties do not anticipate joining additional parties; however, the parties agree that if additional parties should be joined that it be done no later than 30 days following the issuance of the Scheduling Order.

**3.     Assignment To A Magistrate Judge**

The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

**4.      Possibility Of Settlement**

The parties have had minimal discussions regarding the possibility of settlement. Defendants remain doubtful that there will be a possibility of settlement at this early stage of the litigation.  The parties will continually reevaluate this position as discovery progresses.

**5.      Alternative Dispute Resolution**

The parties believes that, although there is little possibility of settlement at this time, this case would benefit from the assignment of the case to a Magistrate Judge or court ordered mediator for settlement purposes following the close of discovery.

**6.      Dispositive Motion Schedule**

The parties jointly propose that dispositive motions should be due 45 days after the later of the close of discovery or the conclusion of mediation, oppositions filed 40 days thereafter, and replies filed 20 days after oppositions.

**7.      Initial Disclosures**

The parties jointly propose that initial disclosures should be made in accordance with the Federal Rules of Civil Procedure.

**8.      Discovery**

The parties jointly propose that discovery begin with the issuance of a scheduling order and end 180 days thereafter.  However, given the complexity of this case, it is likely that discovery may have to continue past this deadline and the parties will advise

the court in writing before the end of the 180-day period of their position regarding

extending the discovery deadline.

**9.      Expert Reports**

The parties jointly propose that Plaintiff make all 26(a)(2) disclosures 60 days

prior to the close of discovery and Defendants shall make all 26(a)(2) disclosures 30 days

prior to the close of discovery.  Experts may be deposed up to the close of discovery.

**10.     Class Actions**

This topic is not applicable to this case.

**11.     Bifurcation Of Trial Or Discovery**

The parties do not believe that bifurcation is necessary in this action.

**12.     Pretrial Conference Schedule**

The parties jointly propose that the Court set a status conference following the

conclusion of discovery and schedule a pretrial conference at that status conference.   If

the parties request mediation at the end of discovery, the parties propose that the Court

set the status conference following the exhaustion of mediation efforts.

**13.     Trial Date**

The parties jointly propose that the Court set a trial date at the pretrial conference.

**14.     Other matters**

Plaintiff estimates that she will need to take 20 or more depositions in this matter

and defendants believe that plaintiff should be limited to 10 depositions.  Because the

parties currently differ regarding their assessment of the number of depositions that

Plaintiff should be allowed to take in this matter the parties agree to confer prior to the

beginning of the discovery period to exchange information and limit their differences to

the greatest extent possible.  If the parties cannot agree on the number of depositions

plaintiff will take, they will brief the court accordingly.

### STATEMENT OF THE CASE

**Plaintiff's Statement of the Case:**

This civil action comprises a "mixed case" retaliation and discrimination claims

based on her race (African American), gender (female), age (Year of Birth 1944), and

reprisal (prior protected EEO activity) as well as the discrimination based on protected

whistleblower disclosures, including violations of federal law, including the Federal

WPA, the First Amendment to the United States Constitution and the Lloyd-LaFollette

Act.

The plaintiff, Bunnatine Greenhouse is the former chief procurement executive of

the United States Corps of Engineers until she was demoted and removed from her

position and from the Senior Executive Service ("SES").  The complaint alleges that she

experienced discrimination, a hostile work environment and retaliation in violation of

Title VII that culminated in her removal from the SES.  The complaint further alleges that

she experienced reprisals as a result of raising significant contracting abuse issues, the

most significant of which relate to the award of contracts to Halliburton subsidiary KBR

during the ramp-up to the Iraq war.

**Defendants' Statement of the Case:**

Plaintiff's complaint is lengthy and confusing, but appears to allege illegal

discrimination based on race, gender and age, and reprisal for prior protected EEO

activity and whistleblower disclosures.  Plaintiff purports to bring her claims under Title

VII, the Whistleblower Protection Act and the Privacy Act, but also cites other federal

4

statutes and the First Amendment to the United States Constitution as relevant to her

claims.  Defendants believes that the gravamen of the complaint is that plaintiff believes

that her demotion from the Senior Executive Service and the performance evaluations

that justified that demotion were improper and based on some form of unlawful

discrimination and retaliation.

Respectfully submitted,


_/s_____          _/s_____
Michael D. Kohn                            JEFFREY A. TAYLOR, D.C. Bar # 498610
DC Bar No. 425617                          United States Attorney


_/s_____          _/s_____
David K. Colapinto                         RUDOLPH CONTRERAS D.C. Bar # 434122
DC Bar No. 416390                          Assistant United States Attorney


_/s_____          _/s_____
Stephen M. Kohn                            STEVEN M. RANIERI
DC Bar No. 411513                          Special Assistant U.S. Attorney
KOHN, KOHN, COLAPINTO, LLP                 555 Fourth Street, N.W.,
3233 P Street, NW                          Washington, D.C. 20530
Washington, DC 20007                       (202) 353-9895
(Phone) 202-342-6980                       Attorneys for Defendants
(Fax) 202-342-6984
                                           OF COUNSEL:
                                           THOMAS RAY, ESQ
                                           U.S. Army Litigation Division
                                           901 N. Stuart Street, Suite 400
                                           Arlington, VA 22203-1837