**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BUNNATINE H. GREENHOUSE, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 07-182 (EGS) |
|  | ) |
| FRANCIS J. HARVEY, *et al.*, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**SCHEDULING AND MAGISTRATE REFERRAL ORDER**

Upon review of the joint report filed pursuant to Local Rule 16.3, it is hereby **ORDERED** that:

(1) Additional parties shall be added and pleadings amended by no later than **JULY 31, 2007**.  Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be served by no later than **JULY 13, 2007**.  Fact and expert discovery shall be completed by **DECEMBER 31, 2007**.  Discovery shall be governed by the Federal Rules of Civil Procedure and the Local Rules. Plaintiff's Rule 26(a)(2) expert disclosures are due no later than **OCTOBER 31, 2007**.  Defendants' Rule 26(a)(2) expert disclosures are due no later than **NOVEMBER 30, 2007**.

(2) Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court.  If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court pursuant to paragraph (6) supra.  Counsel are hereby notified

that the party that does not prevail on the discovery dispute shall pay the costs involved, including attorney's fees.  Counsel shall not file a discovery motion without following the procedures set forth in this paragraph.

(3) Any motion that does not comply with LCvR 7.1(m) will be, *sua sponte*, stricken by the Court from the record.

(4) Every pleading should indicate, immediately below the Civil Action No. in the caption, the next scheduled Court deadline, such as a status conference, or pretrial conference, or trial date.

(5) There shall be a status conference in the courtroom of the undersigned Judge on **JANUARY 8, 2008 AT 11:30 A.M.**  Counsel must bring full settlement authority to this conference.  If settlement is not reached, a schedule for briefing dispositive motions will be determined.  Counsel must be prepared at the status conference to advise the Court of the expected length of trial and the number of fact and expert witnesses that each party will present.  The attorneys who will try this case before the Court are directed to appear at all hearings, unless excused by the Court in advance of the hearing date.

(6) Counsel are directed not to communicate with anyone on Judge Sullivan's staff on an *ex parte* basis.  In the event it is absolutely necessary to communicate with Judge Sullivan's staff regarding this case, counsel are directed to arrange, at their

expense, a conference telephone call with counsel for all other parties, and any pro se party, and speak directly with either Judge Sullivan's secretary, Geri Kyler, at 202-354-3260, or the courtroom deputy, Carol Votteler, at 202-354-3152.  It will not be the responsibility of anyone on Judge Sullivan's staff to arrange any telephone calls.

(7) All dates in this Order are firm, may not be altered by the parties, and, absent truly exceptional and compelling circumstances, will not be altered by the Court.  Any request for an extension of time shall state whether any prior extensions of time have been granted and whether the extension will impact any other scheduled dates.

(8) This case is referred to Magistrate Judge Alan Kay for settlement purposes only.  Parties and persons with settlement authority are directed to attend the settlement sessions.

(9)  Counsel are admonished to read the Circuit's opinion in *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 152 (D.C. Cir. 1996) ("In implementing a scheduling order at the beginning of a case and insisting on its reasonable observance during litigation, the district court acted in a manner consistent with the Supreme Court's and Congress' concern for the fair and efficient administration of justice.").

It is **FURTHER ORDERED** that the Clerk of the Court is not required to provide hard copies of any pleading filed

electronically in the above captioned case to supernumerary attorneys of a law firm who have not entered their appearance on the electronic case filing system (ECF) and registered for a password granting them access to electronic dockets.

**IT IS SO ORDERED.**


**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **June 29, 2007**