**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————
                                                    )
BUNNATINE H. GREENHOUSE,             )
                                                    )
                    Plaintiff,              )
        v.                                        )        Civil Action No. 07-0182 (EGS)
                                                    )
PETE GEREN[1],                              )
SECRETARY OF THE ARMY, et al.,      )
                                                    )
                    Defendants.           )
———————————————————————)

**DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**
**OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

Defendants respectfully move, pursuant to Fed. R. Civ. P. 12(c), for a partial judgment on

the pleadings, or in the alternative for summary judgment, on plaintiff's Whistle Blower

Protection Act ("WPA") claims, Privacy Act claims,  Administrative Procedure Act ("APA")

claims, and to dismiss various party Defendants in the action.  In support of this Motion,

Defendants respectfully submit the attached memorandum of points and authorities, statement of

material facts not in genuine dispute, and proposed order.

---

[1]  By operation of Federal Rule of Civil Procedure 25(d)(1), Secretary Geren is automatically
substituted as  the proper party in place of former Secretary of the Army Francis Harvey.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Attorneys for Defendants


Of Counsel:
THOMAS M. RAY
U.S. Army Litigation Division

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
BUNNATINE H. GREENHOUSE,                      )
                                              )
                    Plaintiff,                )
        v.                                    )        Civil Action No. 07-0182 (EGS)
                                              )
PETE GEREN,                                   )
SECRETARY OF THE ARMY, et al.,                )
                                              )
                    Defendants.               )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**
**OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff's fifty-four (54) page, three hundred six (306) paragraph Complaint contains a

lengthy statement of plaintiff's version of background facts, legal conclusions, and five separate

"Counts."   The complaint is broken down as follows: Jurisdiction and Venue (¶¶1-14); Parties

(¶¶15-23); Facts (¶24-220), "Count 1"- Failure to obtain required approval to remove Plaintiff

from the SES  (¶¶221-251), which presents a challenge pursuant to the Administrative Procedure

Act ("APA"); "Count II" – Title VII claims (¶¶252-255); "Count III" -Whistleblower Protection

Act claims ("WPA") (¶¶256 – 272); "Count IV"- Privacy Act claims (¶¶273-291); and "Count

V"- Refusal to Transfer or Reassign, which presents additional Title VII and WPA claims.  An

examination of the Complaint reveals serious and fatal defects which warrant dismissal of

several counts of plaintiff's Complaint including plaintiff's WPA claims, Privacy Act claims, and

APA claims.

## I.  SUMMARY OF ARGUMENT.

Plaintiff's WPA claims must be dismissed because this Court has no jurisdiction over those claims as plaintiff failed to follow the statutorily required administrative exhaustion procedures.  Plaintiff's Privacy Act claims must be dismissed because they are actually Title VII claims, styled through contrived pleading, into claims under the Privacy Act.  Contrary to plaintiff's pleading, the Privacy Act may not be used to collaterally attack personnel actions. Plaintiff's APA claim must also be dismissed because the APA excludes from its waiver of sovereign immunity claims for monetary damages and claims where an adequate remedy is available elsewhere.  Plaintiff's attempt to use the APA to challenge her demotion from the Senior Executive Service should also be dismissed.  Finally, Plaintiff has named a number of improper parties as Defendants in the instant action.  Secretary of the Army Pete Geren is the only proper party Defendant for the discrimination claims.  The Department of the Army is the proper defendant for claims raised under the Privacy Act. The remaining Defendants: Assistant Secretary of the Army Claude Bolton, Lieutenant General Carl Strock, Secretary of Defense Robert Gates, the Department of Defense, the U.S. Army Corps of Engineers, and the United States of America, are not proper parties in this action and should be dismissed.

## II.  STATEMENT OF FACTS

See Defendants' Statement of Facts which are filed contemporaneously with the Defendants' Motion and this memorandum in support thereof.

## III.  APPLICABLE LAW

### A.    Motion for Judgment on the Pleadings under Fed. R. Civ. Pro. 12(c)

Under Fed. R. Civ. Pro. 12(c) after pleadings are closed any party may move for

judgment on the pleadings if no material facts remain at issue and the parties' dispute can be resolved on both the pleadings and those facts of which the court can take judicial notice. Judgment on the pleadings for the defendant is appropriate upon a showing that plaintiff cannot prevail even if all the factual allegations in plaintiff's complaint are taken as true. Rafeedie v. INS, 795 F. Supp. 13, 18 (D.D.C. 1992). The legal standard that applies to a motion for judgment on the pleadings under Rule 12(c) is "essentially the same as that applied to a motion to dismiss." In re UMW Emple. Benefit Plans Litig., 854 F. Supp. 914, 915 (D.D.C. 1994).

     **B.**     **Motion to Dismiss for Lack of Subject Matter Jurisdiction**.

     **1.**     **Waiver of Sovereign Immunity Is A Prerequisite For Jurisdiction**.

"'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" United States v. Mitchell, 463 U.S. 206, 212 (1983); Webman v. Federal Bureau of Prisons, 441 F.3d 1022, 1025 (D.C. Cir. 2006); see also United States v. Sherwood, 312 U.S. 584, 586(1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."). The United States may waive its sovereign immunity by statute, but that waiver "must be unequivocally expressed in statutory text." See Lane v. Pena, 518 U.S. 187, 192 (1996). Any waiver of sovereign immunity must be "strictly construed, in terms of its scope, in favor of the sovereign." Id.; Webman, 441 F.3d at 1026.

     **2.**     **Lack of Subject Matter Jurisdiction under Fed. R. Civ. Pro. 12(b)(1).**

The federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds. Tuck v. Pan Am.

Health Org., 668 F.2d 547, 549 (D.C. Cir. 1981). Jurisdiction is a threshold matter; without it, this Court has no authority to decide other potentially dispositive issues in this case. See Ticor Title Ins. Co. v. FTC, 814 F.2d 731, 757 (D.C. Cir. 1987). Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court–plaintiff here–bears the burden of establishing that the court has jurisdiction. See US Ecology, Inc. v. United States DOI, 231 F.3d 20, 24 (D.C. Cir. 2000) citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a Court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). In deciding a 12(b)(1) motion, the Court need not limit itself to the allegations of the complaint. See Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). Rather, "the court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." Scolaro v. D.C. Board of Elections and Ethics, 104 F. Supp.2d 18, 22 (D.D.C. 2000) citing Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992)); see also Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987).

**C.    Failure to State A Claim Upon Which Relief Can Be Granted Under Fed. R. Civ. Pro. 12(b)(6).**

When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the Court must determine whether the "[f]actual allegations . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See Bell Atlantic Corp. v. Twombly No. 05-1126, 2007 U.S. LEXIS 5901 (U.S. May 21, 2007)

(citations omitted).

The Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. <u>Trudeau v. Federal Trade Comm'n</u>, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Pursuant to Fed. R. Civ. Pro. 12(b), this Court may convert a motion to dismiss for failure to state a claim to which plaintiff is not entitled to relief into a motion for summary judgment if matters outside the pleadings are considered by the Court. <u>See</u> Fed. R. Civ. Pro. 12(b).

**D.    Summary Judgment**

Summary judgment is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Federal Rule of Civil Procedure 56 of the Federal Rules of Civil Procedure provides that  summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment will be rendered if a party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. <u>Celotex</u>, 477 U.S. at 323. The non-moving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. Pro 56(e); <u>Celotex</u>, 477 U.S. at 323-24 (1986). The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor. <u>Laningham v. United</u>

States Navy 813 F.2d 1236, 1242 (D.C. Cir. 1987).  If the evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

## IV.  ARGUMENT.

### A.    The Whistleblower Protection Act Claims Must be Dismissed.

Plaintiff attempts to bring before this Court a whistleblower claim pursuant to the Whistleblower Protection Act.  (Compl., initial unnumbered paragraph; ¶ 1; and Count III, ¶¶ 256-272.)[1]  However, WPA claims are not properly before this Court and must be dismissed.

### 1.    General WPA Process and Procedures.

The Whistleblower Protection Act, 5 U.S.C.§ 1201 et seq., prohibits agencies from taking any personnel action based upon, inter alia, the disclosure of information by an employee that the employee reasonably believes evidences violation of any law, rule or regulation.  See 5 U.S.C. § 2302(b)(8)(A)(i). Except in a case in which a complainant has the right[2] to appeal directly to the Merit Systems Protection Board ("MSPB"), a complainant who believes that she has been the victim of a prohibited personnel action must first complain  to the Office of Special Counsel (OSC).[3] 5 U.S.C.§1214(a)(3).  Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002) (affirming

---

[1]  Although plaintiff's COUNT III is styled "WPA Claims," the WPA is apparently also raised in Count I at ¶¶ 248-250; and Count V ¶¶ 304-305.  Any WPA claim referenced in the complaint or in the documents incorporated by plaintiff's complaint which were not attached to the complaint nor provided to the Court or opposing counsel with or without the complaint are specifically covered by this argument to dismiss all of plaintiff's WPA claims for lack of jurisdiction.

[2]  As discussed below, plaintiff did not have this right.

[3]  WPA Complaints to the Office of Special Counsel may be made on line at: http://www.osc.gov/wbdisc.htm

district court's dismissal of Whistleblower Protection Act claims where plaintiff failed to bring

claim to OSC), citing Weber v. United States, 209 F.3d 756, 758 (D.C. Cir. 2000) (describing

whistle-blower protection procedures under Title 5). See also Hubbard v. EPA, 809 F.2d 1, 5

(D.C. Cir. 1987); Altimus v. Aspin, 1993 U.S. Dist. LEXIS 16343, Civ. A. No. 93-1305, 1993

WL 491612, at *1 (D.D.C. Nov. 17, 1993);  Nichols v. Truscott, 424 F. Supp. 2d 124, 144

(D.D.C. 2006) and Runkle v. Gonzales, 391 F. Supp. 2d 210, 231 (D.D.C. 2005).  The OSC is

required to investigate the complaint "to the extent necessary to determine whether there are

reasonable grounds to believe that a prohibited personnel practice has occurred." 5 U.S.C. §

1214.  The initial investigation is conducted by OSC's Complaints Examining Unit ("CEU"). See

5 C.F.R. § 1800.1(c)(4); Peter B. Broida, a Guide to Merit Systems Protection Board Law &

Practice, Ch. 13 § IV.B.1 (2004); and  Carson v. United States Office of Special Counsel, 2006

U.S. Dist. LEXIS 17055 (D.D.C. 2006).  If the OSC substantiates a prohibited personnel action

as defined by § 2302, it reports its findings to the MSPB, and it can petition the MSPB on the

employee's behalf. Weber, 209 F.3d at 758. Only after the OSC has notified the employee that its

investigation has been terminated, 5 U.S.C. § 1214(a)(3)(A)(i), (ii), or if no action has been taken

by the OSC within 120 days, 5 U.S.C. § 1214(a)(3)(B), may the employee seek corrective action

from the MSPB via an Individual Right of Action (IRA) appeal.  See Knollenberg v. Merit Sys.

Protection Bd., 953 F.2d 623, 625-26 (Fed. Cir. 1992); 5 U.S.C. §§ 1221; 1214(a)(3); Weber,

209 F.3d  at 758.

        In the event the employee's IRA appeal is not successful, the MSPB's decision ordinarily

is then appealable to the Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703; Weber, 209

F.3d at 758.  The Federal Circuit reviews the claim on the administrative record. 5 U.S.C. §

7701(c), 7703(b)(1).  In cases involving WPA claims, courts will review only to ensure that the determination is (1) not arbitrary or capricious, (2) not made without regard to law, or (3) based on substantial evidence.  See Carr v. Reno,  23 F.3d 525, 528 (D.C. Cir. 1994); 5 U.S.C. § 7703(c).  District Courts do not have jurisdiction over WPA actions brought directly to the Court.  As the D.C. Circuit held in Stella: "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistle-blower cause of action brought directly before it in the first instance. Stella, 284 F.3d at 135.

**2.    Plaintiff Failed To Follow The Administrative Procedures In Order to Preserve A WPA Claim.**

Plaintiff failed to take the first required step, described above, of bringing a WPA complaint to the Office of Special Counsel.  Further, plaintiff failed to seek redress with the Merit System Protections Board via an IRA appeal.  Thus, plaintiff has no final MSPB decision which can be reviewed on appeal.   This is significant because the MSPB decision is reviewed solely on the record and can only be set aside if the "agency action, finding or conclusion" is found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.  5 U.S.C. §  7701(c), 7703(b)(1).  Because plaintiff failed to follow the required procedures necessary to create a reviewable MSPB decision, there is no MSPB decision to review and no proper WPA claim.

**3.    Plaintiff's Complaint Does Not Present a "Mixed Case."**

**a.    Plaintiff Cannot Establish Jurisdiction under §7703 Because She Has No Decision from the MSPB**

Plaintiff asserts she filed a "mixed case" under 29 C.F.R. § 1614.302(a)(1), and that the

10

Court has jurisdiction over Plaintiff's whistleblower claims pursuant to 5 U.S.C. § 7702 and 5 U.S.C. § 7703. (Complaint at ¶¶ 4, 5.)[4] This is an incorrect statement of law. In fact, neither § 7702 or § 7703 give this Court jurisdiction over plaintiff's WPA claims. Section § 7703 is not helpful to plaintiff's case as it is limited to "Judicial review of decisions of the Merit Systems Protection Board." In this instance, there is no MSPB decision to review. Plaintiff failed to pursue an IRA appeal with, and obtain a decision from, the MSPB; thus, § 7703 provides this Court with no basis to consider plaintiff's WPA claim. Again, Stella is controlling:

> The "mixed case" argument does not save appellant's claims, however, because even that route to District Court would have required her to initiate her action at the MSPB, which she did not . . . Furthermore, because the District Court lacked jurisdiction to hear a whistle-blower claim in the first instance, the court lacked the power to excuse Ms. Stella's failure to exhaust her administrative remedies. Stella , 284 F.3d at 144. See also Barnes v. Small,, 840 F.2d 972, 979 (D.C. Cir. 1988).

Nor does plaintiff's Complaint fall within the jurisdiction of § 7702. Section 7702 requires plaintiff to meet two hurdles: 1) plaintiff must allege she was affected by an action which may be appealed to the MSPB; and 2) plaintiff must allege that the basis for the action was unlawful discrimination as specifically defined in 5 U.S.C. § 7702(a)(1)(B). As discussed immediately below, plaintiff does not  meet these requirements.

### b.   Plaintiff Cannot Establish Jurisdiction under §7702 Because She Alleges No Action Which Is Appealable to the MSPB.

5 U.S.C. § 7702 first requires that an employee establish that she has been affected by an action which may be appealed to the MSPB. Plaintiff can not establish this prong. Plaintiff was

---

[4]  Plaintiff claims jurisdiction over the whistleblower claims "pursuant to Section 7720 of title 5 of the United States Code, which governs the prosecution of 'mixed case' claims." (Compl., ¶ 4). As there is no 5 U.S.C. § 7720, plaintiff apparently intended to cite 5 U.S.C. §7702.

a member of the Senior Executive Service ("SES") who was removed for receiving two less-than-fully-successful performance evaluations in a three-year period. (Complaint, ¶ 10); see also 5 CFR 359.501(d), Mandatory Removal from the SES for unsatisfactory ratings. The MSPB has no appellate jurisdiction over performance-based removals from the SES. Title II of the Civil CSRA reconfigured the government's performance management system in 1978. The same piece of legislation created the SES. Congressional intent in creating the SES was to "make tenure as executives contingent upon successful performance." S.Rep. No. 95-969, 96th Cong. 1st Sess. 68 (1978), U.S.Code Cong. & Admin.News 1978, pp. 2723, 2790. As a result, Congress specifically denied to members of the SES the right to appeal a removal for performance to the MSPB, in the same piece of legislation in which it granted those rights to non-Senior Executive Service employees. Compare 5 U.S.C. § 4303(e)(2) with 5 U.S.C. §§ 3592. See also Charrow v. Federal Retirement Thrift Inv. Bd., 102 M.S.P.R. 345 (2006)(Congress did not confer a right of appeal to the MSPB on senior executives removed for poor performance). The MSPB has no jurisdiction to consider an appeal of an SES employee like plaintiff who was removed from the SES for unsatisfactory performance pursuant to 5 U.S.C. § 3592(a)(2)) and demoted to a General Schedule (GS15) position. Rather, 5 U.S.C. § 7542 (defining who can appeal to the MSPB for removal or suspension from the civil service) specifically excludes SES employees like plaintiff who are removed under 5 U.S.C. §3592. See 5 U.S.C. §7542, Berger v DOE, 36 M.S.P.R. 48 (1987).

It is clear that plaintiff has no claim in the instant case which fits the narrow scope of allowable actions appealable to the MSPB. As a result of 5 U.S.C. § 3592, and the limitations on the MSPB's appellate jurisdiction in cases involving a SES's performance-based removal,

plaintiff was not subject to any action that could be appealed to the MSPB.  Accordingly,

plaintiff's Complaint cannot be a "mixed case" under § 7702 and her WPA claims must be

dismissed because she can not show that the claims are properly before this Court.[5]

      **c.**      <u>**Nondiscrimination Claims from Mixed Cases Are Reviewed upon the**</u>
      <u>**Administrative Record**</u>.

      If plaintiff had proceeded to the OSC and the MSPB with her discrimination and

whistleblower claims, and the MSPB had rendered an unfavorable decision, plaintiff could have

joined all her claims and appealed to district court. In <u>Barnes v. Small</u>, 840 F.2d 972, 979 (D.C.

Cir. 1988), the D.C. Circuit held that an employee who received an unfavorable decision from

the MSPB as to his discrimination and whistleblower claims "has a right to de novo review in the

district court of [the discrimination] claim [under]5 U.S.C.§§ 7703(b)(2), (c)"). In that instance,

"where the MSPB decides a case combining both discrimination and non-discrimination claims

[including whistleblower claims], the district court takes jurisdiction over appeals from both

determinations, but reviews the non-discrimination claims on the record." <u>Id.</u> Thus, the district

court would review plaintiff's discrimination claims de novo, but would review plaintiff's

whistleblower claim under an arbitrary and capricious standard. <u>Id.</u>; <u>see</u> 5 U.S.C.§ 7703(c).

As noted above, plaintiff did not go to the OSC and/or the MSPB with her claims and therefore

there is no administrative record for this Court to review in the instant matter.  Accordingly,

plaintiff's WPA claims must be dismissed.

---

[5]  Even if plaintiff's Complaint had raised an appealable action to the MSPB, she cannot
establish a "mixed case" claim under 5 U.S.C. § 7702 because that section requires that an
appealable action must be coupled with a discrimination claim from a very specific list of
discrimination statutes listed in 5 USC § 7702(a)(1).  The WPA is not included in this controlling
statute.

        **B.    Plaintiff's Privacy Act Claim Must Be Dismissed**.

        Plaintiff alleges a Privacy Act claim concerning her demotion from the SES.

Specifically, plaintiff asks this Court to review, pursuant to the Privacy Act,  Lieutenant General

Strock's June 3, 2005 decision to request that plaintiff be removed from the Senior Executive

Service.  (Complaint, ¶¶ 274 - 291.)  The Privacy Act is not an appropriate statute to consider

such a claim.  Rather, courts have held that the CSRA  remedial scheme is the "comprehensive

system for reviewing personnel action taken against federal employees." United States v. Fausto,

484 U.S. 439, 455 (1988).  Therefore, because the conduct that plaintiff challenges in this action

falls squarely within the scope of the CSRA,  the CSRA's administrative procedures are the

plaintiff's only remedy, and federal courts cannot resolve the plaintiff's claims under the Privacy

Act.  As this Circuit has previously noted, the Privacy Act is not a "springboard for launching a

collateral attack" on federal personnel management decisions  Kleiman v. United States Dep't of

Energy, 742 F. Supp. 697, 699 (D.D.C. 1990), affirmed, Kleiman v. Department of Energy, 956

F.2d 335, 338-339 (D.C. Cir. 1992); see also Houlihan v. Office of Pers. Mgmt., 909 F.2d 383,

384-85 (9th Cir. 1990) (refusing to permit a Privacy Act claim that "would open the back door to

judicial review [of] perhaps an overwhelming number of CSRA claims, thereby frustrating

Congress' decision to assign to the [Office of Special Counsel] the task of policing alleged

prohibited personnel practices"); Henderson v. Soc. Sec. Admin., 908 F.2d 559, 560-61 (10th

Cir. 1990) (refusing to consider a Privacy Act claim regarding inaccurate records that essentially

sought review of a personnel action).

        Where an employee challenges the propriety of an agency's personnel decisions, she must

look to the CSRA and not the Privacy Act to obtain redress.  While plaintiff may be able to rely

14

on the CSRA to review  Lieutenant General Strock's request to remove her from the SES, she

cannot do so under the Privacy Act.  Instead, the Privacy Act must be read such that it will do no

violence to the CSRA, Pub. L. No. 95-454, 92 Stat. 1111 (codified throughout Title 5, U.S.C.).

The remedies provided by "the Privacy Act [were] not intended to shield [federal] employees

from the vicissitudes of federal personnel management decisions." Albright v. United States, 732

F.2d 181, 190, (D.C. Cir. 1984); see also Pellerin v. Veterans Administration, 790 F.2d 1553,

1555 (11th Cir. 1986)(The Privacy Act allows for the amendment of  factual or historical errors.

It is not, however, a vehicle for amending the judgments of federal officials . . . as . . . reflected in

records maintained by federal agencies.")

    Finally, Lieutenant General Strock's recommendation that plaintiff be removed from the

SES is not an adverse action which is reviewable by the Privacy Act.  Lee v. Geren, 480 F. Supp.

2d 198, 210 (D.D.C. 2007) (mere issuance of a notice of proposed termination does not

constitute an "adverse determination" under the Privacy Act) citing OPM Guidelines, 40 Fed.

Reg. at 28,969 ("An adverse action is one resulting in the denial of a right, benefit, entitlement,

or employment by an agency which the individual could reasonably have been expected to have

been given if the record had not been deficient."); see also Deters v. U.S. Parole Comm'n, 85

F.3d 655, 659 (D.C. Cir. 1996)  (questioning, without deciding, whether preliminary assessment

worksheet created for parole board can "really be deemed an 'adverse determination,' i.e., one

affecting the inmate's rights, benefits, entitlements, or opportunities" given that it did "not appear

to be in any way binding on the hearing panel, which makes the parole determination"); Lee v.

Geren, 480 F. Supp. 2d 198, 210 (D.D.C. 2007).  Plaintiff may disagree with Lieutenant

General's recommendation, but she may not seek review of it in this Court under the Privacy Act.

For all of the reasons stated above, plaintiff's Privacy Act claims must be dismissed.

###### C.    **Plaintiff's Administrative Procedures Act Claims Must Be Dismissed**.

Plaintiff asserts the APA is a basis for her Complaint. (Compl., ¶ 1.)  The APA provides, in relevant part: "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency . . . acted . . . in an official capacity . . . shall not be dismissed nor relief therein be denied on the ground that it is against the United States." 5 U.S.C. § 702.  Because plaintiff seeks money damages she cannot use the APA as a jurisdictional basis for her complaint. (Compl., prayer for relief, p. 52-53.   In addition, a plaintiff can only resort to the APA if there is no other remedy available to her.  Under the APA, "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n, 324 F.3d 726 (D.C. Cir. 2003).  In the instant case, there are several statutes, many of which plaintiff has raised, that provide a jurisdictional basis for plaintiff's Complaint and which provide plaintiff with avenues to seek review and relief.  Accordingly, the APA is not a proper jurisdictional basis in this lawsuit and it should be dismissed.

###### D.    **Improper Parties Should Be Dismissed.**

Plaintiff has named a number of unnecessary and improper parties as Defendants in the instant action.  Secretary Pete Geren, the Secretary of the Army, is the only proper party defendant for plaintiff's discrimination claims. See 42 U.S.C. § 2000e-16(c)(the only proper defendant for discrimination claims is "the head of the department, agency, or unit, as appropriate)." See also Nichols v. Agency For Int'l Dev., 18 F. Supp. 2d 1, 3 (D.D.C.

1998)(citing <u>Hackley v.Roudebush</u>, 520 F.2d 108, 115 n. 17 (D.C. Cir. 1975). The Department

of the Army is the only proper Defendant for plaintiff's claims raised under the Privacy Act. 5

U.S.C. § 552a(g). The Privacy Act authorizes private civil actions for violations of its provisions

only against an agency, and not against any individual; thus, a petition which names only

individual defendants is properly dismissed. <u>Brown-Bey v United States</u> 720 F2d 467 (7th Cir.

1983); <u>Petrus v Bowen</u> 833 F2d 581 (5th Cir. 1987); <u>Rowe v Tennessee</u> 431 F. Supp. 1257 (D.

Tenn. 1977), vacated on other grounds at 609 F2d 259 (6th Cir. 1979); <u>Gonzalez v Leonard</u> 497

F. Supp. 1058, (D. Conn 1980).

    All of the remaining Defendants–Assistant Secretary of the Army Claude Bolton,

Lieutenant General Carl Strock, Secretary of Defense Robert Gates, the Department of Defense,

the U.S. Army Corps of Engineers, and the United States of America–are not proper parties in

this action and should be dismissed.

## V.  <u>CONCLUSION</u>

    For all of the reasons stated above, plaintiff's WPA claims; Privacy Act claims, and APA

claims should be dismissed. Additionally, the only proper Defendants in this case are Secretary

Geren and the Department of the Army. All other Defendants should be dismissed..

                                    Respectfully submitted,


                                    _____/s/_____
                                    JEFFREY A. TAYLOR, D.C. Bar # 498610
                                    United States Attorney


                                    _____/s/_____
                                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                                    Assistant United States Attorney

_____/s/_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Attorneys for Defendants

Of Counsel:
THOMAS M. RAY
U.S. Army Litigation Division

.

18

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
BUNNATINE H. GREENHOUSE,                             )
                                                    )
                            Plaintiff,              )
            v.                                      )        Civil Action No. 07-0182 (EGS)
                                                    )
PETE GEREN,                                         )
SECRETARY OF THE ARMY, <u>et al.</u>,               )
                                                    )
                            Defendants.             )
_____)

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

    1.  Ms. Bunnatine Greenhouse was appointed to the Senior Executive Service ("SES") in the position of Principal Assistant Responsible for Contracting in the Headquarters, U.S. Army Corps of Engineers.  (Compl., ¶¶ 32, 34.)

    2.  Performance appraisal in the SES is governed by title 5 United States Code, Chapter 43, Subchapter II and title 5 Code of Federal Regulations  Part 430.[1]

    3.  A member of the SES may be removed at any time for less than a fully successful executive performance.  5 U.S.C. § 3592.

    4. 5 U.S.C. § 4314 requires that any senior executive receiving two less than fully successful ratings within a three year period be removed from the SES.

    5.  In July 2003, plaintiff's final rating for the October 1, 2001 through September 30,

---

[1]  Department of the Army regulations for performance appraisal in the SES members are set forth in Army Regulation 690-900, Chapter 920, Subchapter 5. Army Regulation 690-900, Chapter 920, Subchapter 5 was approved by the Office of Personnel Management on 5 April 1993.

2002 rating cycle was Fair Level 4[2]. (Compl., ¶¶ 141-142, 225.)

6.  In October 2004,  Lieutenant General Carl Strock assigned plaintiff a final
performance rating of Fair level 4 for the next annual rating period (October 1, 2002 through
September 30, 2003). (Compl., ¶ 232.)[3]

7.  By memorandum dated October 4, 2004,  Lieutenant General Strock advised plaintiff
that she would be removed from her position and the SES. (Compl., ¶ 233.)

8.  On July 14, 2005, the Secretary of the Army approved  Lieutenant General Strock's
request. (EX A.)

9.  In the instant judicial Complaint, plaintiff asserts claims pursuant to the Whistleblower
Protection Act.  ("WPA"). (Compl., ¶248-50, 256-72, 304-05.)

10.  Plaintiff did not exhaust her WPA claims before the Office of Special Counsel and
the Merit System Protection Board and thus there is no administrative record of the WPA claims.

11.  In the instant judicial Complaint, Plaintiff asserts a claim pursuant to the Privacy Act
challenging Lieutenant General Strock's June 3, 2005 request that plaintiff be removed from the
SES.  (Compl., ¶¶ 274 - 291.)

12.  Lieutenant General Strock's June 3, 2005 request to remove plaintiff was only a
request and not a final decision.  (Ex. A.)

13.  Plaintiff seeks money damages in the instant judicial action. (Compl.,  prayer for
relief, pp. 52-53.)

---

[2] The Army's performance evaluation system has five levels of performance:  Successful Level 1;
Successful level 2; Successful Level 3; Fair Level 4; and Unsuccessful Level 5.

[3] The Complaint mistakenly states that the year was 2006, but a reading of paragraphs 232 and
233 makes it clear that 2004 is the correct year.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Attorneys for Defendants

Of Counsel:
THOMAS M. RAY
U.S. Army Litigation Division

Exhibit A



**DEPARTMENT OF THE ARMY**
U.S. Army Corps of Engineers
WASHINGTON, D.C. 20314-1000

REPLY TO
ATTENTION OF:

**JUN 0 3 2005**

*SAB277 June 05
See attached memorandum.*

MEMORANDUM THRU THE INSPECTOR GENERAL, 1700 ARMY PENTAGON, WASHINGTON, DC 20310-1700

FOR THE SECRETARY OF THE ARMY, 101 ARMY PENTAGON, WASHINGTON, DC 20310-0101

SUBJECT: Removal of Ms. Bunnatine Greenhouse from the Senior Executive Service

1. References:

   a. SAAL-ZP Memorandum, 14 Jul 2004, subject: Senior Executive Service (SES) Unacceptable (Unsuccessful) Performance-Ms. Bunnatine Greenhouse.

   b. Letter, Kohn, Kohn & Colapinto, LLP, October 21, 2004, subject: Request for Investigation.

   c. Letter, Labor and Employment Law Division, OTJAG, October 22, 2004, Re: Request for Investigation.

2. Reference 1.a. authorized me to remove Ms. Greenhouse from her SES position as Principal Assistant Responsible for Contracting and place her in a GS-15 position as required by law, based on her second final performance rating of less than fully successful within a three year period. In reference 1b, Mr. Michael D. Kohn, representing Ms. Greenhouse, wrote to Acting Secretary of the Army Brownlee requesting an investigation into certain alleged procurement irregularities within the Corps of Engineers and contending that Ms. Greenhouse was facing an adverse personnel action because of her disclosure of the alleged procurement irregularities identified in his letter. Reference 1c responded to Mr. Kohn advising him that the Army had referred the matter to the DoD Inspector General and that any adverse action against Ms. Greenhouse was suspended until a sufficient record was available to address the matters he raised.

3. Enclosed is an analysis prepared by my staff which clearly demonstrates that Ms. Greenhouse's removal from the SES is based on her performance and not in retaliation for any disclosures of alleged improprieties she may have made.

SUBJECT:  Removal of Ms. Bunnatine Greenhouse from the Senior Executive Service

4.  I request that you authorize me to proceed with Ms. Greenhouse's removal action.  I am sending this memorandum through the Inspector General for coordination and to ensure that all relevant information is taken into account.

CARL A. STROCK
Lieutenant General, USA
Commanding

Encls

CF:
General Counsel

1 4 JUL 2005
____ APPROVED

____ DISAPPROVED

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                )
BUNNATINE H. GREENHOUSE,                )
                                                                )
                                    Plaintiff,                 )
                                                                )
            v.                                                  )        Civil Action No. 07-0182 (EGS)
                                                                )
PETE GEREN,                                            )
SECRETARY OF THE ARMY, et al.,        )
                                                                )
                                    Defendants.              )
_____)

## ORDER

This matter comes before the Court on Defendants' Motion for Judgment on the

pleadings.  Based upon the motion, the opposition thereto, and the entire record herein, it is this

_____ day of _____, 20___ hereby

ORDERED that Defendant's motion is GRANTED; and it is FURTHER ORDERED that

the following claims are dismissed from this case:

1) All WPA Claims, Compl., ¶¶ 1, 4-5, 248-50, 256-72, 304-05.

2) All Privacy Act Claims, Compl., ¶¶ 274-91.

3) All APA Claims, Compl., ¶1.

4) All Claims against the following Defendants: Assistant Secretary of the Army Claude

Bolton, Lieutenant General Carl Strock, Secretary of Defense Robert Gates, the Department of

Defense, the U.S. Army Corps of Engineers, and the United States of America

SO ORDERED.

                                                                                    _____
                                                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Parties via ECF