IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BUNNATINE H. GREENHOUSE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07-0182 (EGS) |
| ) | |
| PETE GEREN[1], ) | |
| SECRETARY OF THE ARMY, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff's entire Whistleblower Protection Act ("WPA") claims rest on the faulty premise that her case is a "mixed case" under 5 U.S.C. §7702. Plaintiff's Sur-reply merely reasserts her previous arguments and fails to contradict the unequivocal law–both statute and case law–which holds that WPA claims do not create a "mixed case" under § 7702. While the "mixed case" process can be a confusing area of the law, the facts and circumstances of this particular case make it very clear that Plaintiff does not have a "mixed case" and thus she was required to take her WPA claims to the Office of Special Counsel. She did not do that, but even if she had, the only Court that could entertain her WPA claims would be the Court of Appeals for the Federal Circuit. Plaintiff provides much argument concerning where "mixed cases" can be filed and heard, but no controlling nor persuasive argument that she has presented a "mixed case." She argues instead that this Court should look beyond the law so that she can be heard in this Court. However, Congress and the Courts have spoken and directed that a "mixed case"

---

1 By operation of Federal Rule of Civil Procedure 25(d)(1), Secretary Geren is automatically substituted as the proper party in place of former Secretary of the Army Harvey.

requires a specific adverse personnel action that can be appealed to the Merit Systems Protection Board ("MSPB").[2] However, as a member of the Senior Executive Service ("SES"), Plaintiff cannot appeal her performance-based demotion to the MSPB.[3] Because Plaintiff does not have an adverse personnel action that can be appealed to the MSPB she can not have a "mixed case." Accordingly, Defendants' Motion should be granted.[4]

**Plaintiff's WPA Claims must Be Dismissed from the Instant Lawsuit for Lack of Jurisdiction.**

**A.    Plaintiff Was Required to First Take Her WPA Claims to the Office of Special Counsel. There Is No Dispute That She Failed to Do This.**

**1.    The Controlling Statutes.**

There are two key statutes which determine Plaintiff's remedies under the WPA. First, 5 U.S.C.§1214(a)(3) mandates that <u>except</u> in a case in which a complainant has the right to appeal[5] directly to the MSPB, a complainant who believes that she has been the victim of a prohibited personnel action (e.g. retaliation because of Whistleblowing) <u>must</u> first complain to the Office of Special Counsel (OSC). Second, in 5 U.S.C. § 3592(a)(2) Congress specifically denied members of the SES the right to appeal a performance-based removal to the MSPB. Accordingly, because Plaintiff can not appeal her removal directly to the MSPB, she must bring any WPA claims to the OSC.

---

[2] <u>See</u> 5 U.S.C. § 7512

[3] <u>See</u> 5 U.S.C. § 3592(a)(2); <u>See</u> also  (Defendants' Reply at 4-5.)

[4] Like her Opposition, Plaintiff's Sur-reply makes no mention of Defendants' Motion to Dismiss Plaintiff's Administrative Procedures Act claim, her Privacy Act claim, and the improper parties from this lawsuit. Defendant's Motion should also be granted on those grounds.

[5] As discussed immediately below, Plaintiff did not have this right.

### 2. The Instant Facts.

As discussed fully in Defendants' Motion and Reply, Plaintiff was a SES employee removed for performance. As such she was not entitled to appeal to the MSPB. (Defendant's Reply at 4-5.) Because she was not entitled to appeal her removal from the SES, her WPA claims must go to the OSC. Plaintiff failed to do this. Instead, she has attempted to create her own avenue to this Court. To defend her action Plaintiff has presented alternative and novel arguments. Plaintiff argues: 1) that she does have a "mixed case" under §7702; 2) that an independent right of action creates a "mixed case;" 3) that an informal hearing creates a "mixed case"; or 4) that the system Congress created is not fair and this Court should hear her WPA claims to serve judicial economy. As discussed in earlier filings, and below, all of these arguments fail and Defendants' Motion should be granted.

### B. Plaintiff Does Not Present a "Mixed Case" Claim.

Defendants' Motion and Reply fully discuss the statutes and elements which make a "mixed case." Plaintiff's sur-reply merely makes the same points which Defendants have already rebutted. Plaintiff cites to Williams v. Department of Army, 715 F.2d 1485 (Fed. Cir. 1983), for the broad proposition that all of her claims, including her WPA claims, must be heard in this Court. However, Williams is easily distinguishable from the instant case and does not provide any basis to reject the controlling statutes which deny Plaintiff the legal avenue she seeks. First, Mr. William's petition was founded upon a removal action which was appealable to the MSPB under 5 U.S.C. § 7701 and contained an allegation of prohibited racial discrimination referenced in 5 U.S.C. § 7702(a)(1)(B)(i). Williams, 715 F.2d at 1487-88. "Thus, the case is one which falls squarely within § 7702." Id. Second, the issue in Williams was whether bifurcation

of an appeal from an MSPB decision in a "mixed case" was either permissible or required . Id. at 1488. Mr. Williams filed two separate appeals from his MSPB decision, attempting to appeal his nondiscrimination claims to the Federal Circuit and his discrimination claims to District Court. Id. at 1486. The Federal Circuit held "mixed cases" should not be bifurcated. Id. at 1488. However, in 1991 the Federal Circuit clarified that Williams does not apply to cases such as Plaintiff's. In Cruz v. Department of the Navy, 934 F.2d 1240 (Fed. Cir 1991) (*en banc*), the Federal Circuit rejected Plaintiff's broad reading of Williams. It held that reliance on "Williams v. Dept. of the Army[] and similar cases [i]s inapt because [plaintiff] ignores a crucial distinction: those cases involved appealable agency actions over which the Board had jurisdiction, whereas a crucial and dispositive fact in the present case is that . . .the Board lacks independent jurisdiction." Cruz, 934 F.2d at 1247.⁶ Like in Cruz, Plaintiff's case does not fall within § 7702 because she does not have an adverse action over which the MSPB has independent jurisdiction. Plaintiff's case is not a "mixed case" because Congress has specifically stated that performance-based demotions from the SES are not appealable to the MSPB. Thus, Plaintiff does not have a "mixed case" and the Williams decision is not relevant to Defendants' pending Motion.⁷

---

⁶ See also Wren v. M.S.P.B., 681 F.2d 867, 869(D.C. Cir. 1982).

⁷ Williams itself states "mixed must be understood as discrimination mixed with an appealable action." Williams, 715 F.2d at 1488 n.3. In addition to these limitations articulated in Williams and Cruz, this Court previously cast doubt on Williams in Tickels v. Hodel, 1985 LEXIS 18960 (D.D.C. 1985). In Tickels Chief Judge Hogan "question[ed] the wisdom" of Williams, noting it over-relied "on considerations of judicial economy" and "permits a litigant to effectively evade the intended exclusive jurisdiction of the Federal Circuit." Id. at * 4-5. This should counsel against attempts to further expand Williams' rationale and further evade Federal Circuit review.

### C.  An "IRA" Appeal Does Not Create a "Mixed Case."

Plaintiff argues that because she has the right to bring an Individual Right of Action ("IRA") appeal that she must also have the right to proceed pursuant to 5 U.S.C. § 7702. (Plaintiff's Sur-reply, at 4-6).  Of course, it has been previously noted that Plaintiff does not even have the right to an IRA appeal because she failed to exhaust her WPA claims with the OSC as required by 5 U.S.C. §1214(a)(3). (Defendant's Reply at 7-10.)  However, even if she had exhausted with the OSC, as recently as last year the MSPB again held that an IRA appeal is not subject to 5 U.S.C. § 7702. Stoyanov v. Dep't of the Navy, 2007 MSPB LEXIS 7195 (M.S.P.B. 2007). The controlling language from that decision simply cannot be any more clear: "IRA appeals under the WPA are not subject to the provisions of 5.U.S.C. §7701 or § 7702. Thus the Board lacks jurisdiction to adjudicate the merits of the personnel actions at issue in an IRA appeal and lacks the authority to consider, in conjunction with an IRA appeal, an appellant's claim of prohibited personnel practices other than violations of 5 U.S.C. §2302(b)(8).  See Pulcini v. Social Security Administration, 83 M.S.P.R. 685, 693 (1999) (and cases cited therein), aff'd, 250 F.3d 758 (Fed. Cir. 2000) (Table); Marren v. Department of Justice, 51 M.S.P.R. 632, 638-39 (1991) aff'd 980 F.2d 745 (Fed. Cir. 1992) (Table)." As the MSPB stated previously in Marren, the fact that Congress did not intend IRA appellants to be covered by sections 7701 and 7702 is found in the fact that Congress afforded IRA appellants rights which differ substantially from those afforded to 7701 appellants.  Marren, 51 MSPR at 638-39.

Plaintiff argues that by citing Marren and similar cases the Defendants "ask this Court to deny her the opportunity to raise all of her related claims as a unitary proceeding." (Plaintiff's Sur-reply at 4). To the contrary, Defendants simply want Plaintiff's case to follow the laws and

procedures that Congress enacted.  This Court is not the right forum for Plaintiff to seek redress because she is unsatisfied with the statutes Congress created.

        **D.**      **An Informal Hearing Does Not Create a "Mixed Case."**

Plaintiff had the right to an informal hearing concerning her demotion from the SES.  For the first time in a footnote in her Sur-reply, Plaintiff argues that "to the extent the informal right to a hearing before the MSPB implicates an appeal contemplated under section 7702, Ms. Greenhouse timely purseud her planned removal before the agency's EEO office." (Plaintiff's Sur-reply at 4, n. 2.)  However, an informal hearing is not an appeal to the MSPB. To the contrary, an informal hearing is in lieu of an appeal.  5 U.S.C. § 3592(a)(2) notes that where a member of the SES is demoted because of poor performance she is entitled only to an informal hearing and "such hearing shall not give the career appointee the right to initiate an action with the Board" (MSPB). See also Foster v. Department of Labor, 21 M.S.P.R. 197 (1984) (5 U.S.C. § 3592 does not provide for appellate review by the Board, but makes provision for an informal hearing before the MSPB); 5 CFR § 359.502 (b)(2) (an informal hearing shall not provide a basis for appeal to the MSPB).

        **E.**      **Judicial Economy Is Best Served by Following the Statutes.**

Plaintiff's Sur-reply again makes the argument that her WPA claims should be heard in this Court without regard to caselaw, statutes, or Congressional intent because judicial economy would best be served.  It is difficult to see how requiring a federal district court to conduct a record review of WPA claims of which there is no record (because they have never been properly brought to the OSC or the MSPB), could serve judicial economy.  Even if it did, Plaintiff's Sur-reply does not respond to Defendants' caselaw against Plaintiff's judicial

6

economy arguments previously presented.(Defendant's Reply at 9.) Instead, Plaintiff again cites to Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997) which concerns whether new EEO claims can be added to EEO claims already pending in court, or whether they must go through a separate administrative process. Woodman is no help to Plaintiff as it presents a completely different scenario than Plaintiff's case. Plaintiff also cites to Quinn v. West, 140 F. Supp. 2d 725 (W. D. Tex. 2001), but her reliance on this case is misplaced because the Quinn Court concluded that the plaintiff had an appealable personnel action and thus presented a proper "mixed case."[8] Plaintiff repeatedly argues that she should prevail by citing cases which contain proper "mixed case" claims. Plaintiff's problem remains that she does not have a proper "mixed case." Plaintiff has discrimination claims and she has WPA claims, but she does not have an action which is appealable to the MSPB as required under §7702. Accordingly, her WPA claims are improperly before this Court and should be dismissed.

---

[8] The one circumstance where a federal district court could conceivably consider a WPA claim is if a complainant has an adverse action appealable to the MSPB coupled with a WPA claim and a claim of discrimination. In that instance the complainant may bypass the OSC and take her WPA claim directly to the MSPB under 5 U.S.C. § 1214(a)(3). Therefore she "is able to bring both discrimination and WPA claims to the MSPB as a 'mixed case.'" Stella v. Mineta, 284 F.3d 135, 143 (D.C. Cir. 2002). In such a case, where the MSPB created a record of the WPA claim, the discrimination claim, and the adverse action, if the complainant appealed the MSPB decision in district court, judicial economy may favor the district court reviewing the entire decision. The district court would review the WPA claim on the record using a deferential standard, and the discrimination claim de novo. See id. (citing Barnes v. Small, 840 F.2d 972, 970 (D.C. Cir. 1988). Even though a plaintiff may be able to prosecute that "mixed case appeal" through the MSPB, to district court, see 5 U.S.C. § 7703(b)(2), a plaintiff can not take her WPA claim to district court via a "mixed case complaint" through the EEO process, because she would not have exhausted her WPA claim with the MSPB as required by 5 U.S.C. § 1214(a)(3). This is, of course, what Plaintiff attempts to do here, without even having the necessary appealable adverse action.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Attorneys for Defendants

Of Counsel:
THOMAS M. RAY
U.S. Army Litigation Division